1  Lance A. Maningo
   MANINGO LAW
2  Nevada Bar No. 6405
   400 South 4th Street, Suite 650
3  Las Vegas, Nevada 89101
   702.626.4646
4  lance@maningolaw.com
   Attorney for Defendant
5

## UNITED STATES DISTRICT COURT
6  ## DISTRICT OF NEVADA

7  UNITED STATES OF AMERICA,  | Case No.: 2:21-MJ-00553-BNW

8              Plaintiff,  | **STIPULATION TO CONTINUE THE PRELIMINARY EXAMINATION HEARING**
9       vs.                | **(*Tenth Request*)**

10 MOHAMED MUHINA,

11             Defendant.

12

13         IT IS HEREBY STIPULATED AND AGREED, by and between JASON FRIERSON,

14 United States Attorney, and KIMBERLY A. SOKOLICH, Assistant United States Attorney,

15 counsel for the United States of America, and LANCE MANINGO, CJA counsel for Defendant

16 MOHAMED MULINA, that the preliminary examination hearing in the above-captioned

17 matter, currently scheduled for November 4, 2022 at 2:30 p.m., be vacated and continued to a

18 date and time to be set by this Honorable Court; no sooner than December 15, 2022.

19         This stipulation is entered into for the following reasons:

20         1.     The Preliminary Examination Hearing is presently set for November 4, 2022 at

21 2:30 p.m.

22         2.     Defendant has agreed to waive his right to indictment and plead guilty to an

23 information. A Change of Plea Hearing is scheduled for November 22, 2022 at 10:00 a.m.

24

3. In the event the Defendant does not change his plea, the additional time will also allow the parties to prepare for the preliminary hearing or the government to seek an indictment in this case.

4. The parties agree to the continuance.

5. The defendant is in custody and agrees to the continuance.

6. The time from November 4, 2022, to the new preliminary hearing date will be excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), which provides that the Court may exclude time arising from a continuance upon finding that the ends of justice served by granting the continuance outweigh the best interests of the defendant and the public in a speedy trial.

7. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

8. The additional time requested by this stipulation is excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

DATED: this 2nd day of November, 2022

Respectfully submitted,

LANCE A. MANINGO

/s/ Lance A. Maningo  
LANCE A. MANINGO  
Counsel for Defendant Mohamed Muhina

/s/ Kimberly A. Sokolich  
KIMBERLY A. SOKOLICH  
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | Case No.: 2:21-MJ-00553-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| MOHAMED MUHINA | |
| Defendant. | |

**ORDER**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. The Preliminary Examination Hearing is presently set for November 4, 2022 at 2:30 p.m.

2. Defendant has agreed to waive his right to indictment and plead guilty to an information. A Change of Plea Hearing is scheduled for November 22, 2022 at 10:00 a.m.

3. In the event the Defendant does not change his plea, the additional time will also allow the parties to prepare for the preliminary hearing or the government to seek an indictment in this case.

4. The parties agree to the continuance.

5. The defendant is in custody and agrees to the continuance.

6. The time from November 4, 2022, to the new preliminary hearing date will be excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), which provides that the Court may exclude time arising from a continuance upon finding that the ends of justice served by granting the continuance outweigh the best interests of the defendant and the public in a speedy trial.

7. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

8. The additional time requested by this stipulation is excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

For all the above-stated reasons, the ends of justice would best be served by a continuance of the preliminary examination hearing date.

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein to potentially resolve the case prior to indictment, and further would deny the parties sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for the preliminary hearing, taking into account the exercise of due diligence.

Federal Rule of Criminal Procedure 5.1(d) provides that a magistrate judge may extend the time limits in Rule 5.1(c) with the defendant's consent and upon a showing of good cause taking into account the public interest in the prompt disposition of criminal cases. Because this matter is scheduled for a change of plea, good cause exists to extend the time limits in Rule 5.1(c).

///

///

///

///

**ORDER**

IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled for November 4, 2022 at 2:30 p.m., be vacated and continued to __December 20__, 2022, at the 2:00 p.m.

DATED this __3rd__ day of November, 2022

_____
THE HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE